PEARSON, Judge.
This is an appeal by the defendants, trustees of the Florida East Coast Railway Company, in a death action. The cause was tried before a jury and resulted in a verdict for the plaintiff-widow. Final judgment was entered on the verdict after denial of post trial motions. The railroad questions the sufficiency of the evidence pertaining to the issue of liability and assigns as error the denial of its motion for a directed verdict, made at the conclusion of all the evidence and renewed after verdict. The court should have directed a verdict for the railroad company as the record does not reveal any facts to justify the submission of the case to the jury.
There are few conflicts in the evidence. We recognize the rule that the facts are properly viewed, here, in the light most favorable to the plaintiff. Bryan v. Loftin, Fla.1951, 51 So.2d 724.
On the night of the accident Elijah Sa-lathiel Barr, plaintiff’s decedent, at the request of his wife, left home at around 8 :30 P.M. to go to the store to purchase a loaf of bread. He took his flashlight with him. There were no eyewitnesses to the accident. The decedent was found at about N. W. 14th Place in the City of Miami near where the street terminates at the railroad track. He was in the area of defendant’s freight yard. The yard is approximately six tracks, wide and lies between 7th and 17th Avenues. The public crossing nearest to the place where the decedent was found is at 17th Avenue, several blocks away.
Immediately adjacent to, and contiguous, with the railroad’s right of way there are numerous dwellings. On the other side of the yard are the neighborhood grocery stores. At the place of the accident the yard is frequently crossed by residents of the neighborhood, who when necessary to-complete the crossing sometimes go between or under the railroad cars. The railroad *702 through its employees had knowledge of this practice.
The railroad company had earlier in the evening placed a cut of 55 freight cars on the track. The decedent was found some 12 to 18 car lengths from the end of the cut of cars, but 14th Place was blocked during the entire time. There was blood on the wheels of one or two cars approximately 500 feet from the end of the cut of cars. The decedent presumably attempted to cross the tracks by passing under or between the coupled cars and the accident occurred when the cars were moved within the freight yard. This is admitted by plaintiff-appellee to be the only reasonable explanation of the accident.
There is competent evidence that the railroad failed to blow the train whistle or ring the bell incident to the moving of the train during the time between Barr’s departure from his home and the discovery of his body. In addition the railroad did not have a fence, or warning signs or lights in the yard.
The controlling question is whether under these facts there was a basis upon which a jury could determine that the negligence of the railroad was in part responsible for the death of Barr. Section 768.06, Fla.Stat., F.S.A.; Loftin v. Nolin, Fla.1956, 86 So.2d 161, 59 A.L.R.2d 1257. Measuring the facts of the instant case against the duty of a railroad to use ordinary care under the circumstances, it must be concluded that Barr’s death was caused solely by his own negligence. The burden was on the plaintiff to show that the negligence of the railroad proximately caused the injury. Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741, 748; cf. Conner v. Butler, Fla.App.1959, 109 So.2d 183.
The appellee urges that this case is governed by the holding of this court in Seaboard Air Line R. Co. v. Branham, Fla.App. 1959, 99 So.2d 621, wherein it was held that an implied licensee is entitled to a higher degree of care than a trespasser and that a railroad must exercise ordinary care to discover the presence of an implied licensee whose presence is reasonably foreseeable. In that case we refused to reverse a jury verdict based upon evidence that the negligence of the railroad was in part responsible for the injury of a person who under an implied license entered the railroad freight yard from an open street end and entered a 12-foot open space between two uncoupled cars. The car further from the street was actually the last car of a train consisting of 37 freight cars and an engine. The train without warning was moved by an engine one-third of a mile away when all five members of the train crew were congregated in the cab, with no one stationed at or near the end of the train.
The instant case is similar in that it concerns the use by a member of the public of a railway freight yard in a heavily populated urban center, and in the fact that the railroad had actual knowledge that members of the public used the yard for their own convenience. It is dissimilar in that it was conclusively demonstrated that Barr’s injury occurred because he had crawled under or through the train 12 to 18 cars from the end at the time that the train was put in motion. Barr had placed himself in a position of peril where his discovery was well-nigh impossible and no ordinary warning would have availed him. It affirmatively appears as a matter of law that his own negligence was the sole cause of his injury. Cf. Atlantic Coast Line R. Co. v. Connell, Fla.App. 1959, 110 So.2d 80; McWhorter v. Curby, Fla.App.1959, 113 So.2d 566; Louisville & Nashville R. Co. v. Reynolds’ Adm’r, 240 Ky. 662, 42 S.W.2d 911. Therefore the judgment is reversed.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.