SMITH, CULVER, Associate Judge.
Plaintiff-appellant seeks review of a Final Judgment entered upon a directed verdict in favor of Defendant-appellee. Plaintiff had sued Defendant for personal injuries suffered by him while attempting *182 to start an outboard motor, owned by the Defendant.
Briefly the facts are these: Defendant invited Plaintiff and his wife to go water skiing, using Defendant’s boat and outboard motor. The Defendant asked Plaintiff to start the motor. This motor was equipped with an electric starter which was not working. It was also equipped with a hand operated starting rope, which had a hand grip on the end. The Plaintiff grasped a part of the starting rope, which was hanging loose from the motor, wrapped it around his hand and jerked it, in an effort to start the motor. Defendant, at this time, was out of the boat standing in water and did not see what the Plaintiff was doing. The evidence shows that on Plaintiff’s third attempt the motor misfired, causing the rope to recoil and pulling Plaintiff against the motor. The evidence further shows that the Plaintiff was an experienced garage mechanic and owned an outboard motor himself. The Defendant, called as an adverse witness, testified concerning previous trouble with the motor, but further testified that he had always used the hand grip on the rope and that if it recoiled, it was merely pulled out of his hand. Construing the evidence most favorably to Plaintiff, it would appear that Defendant gave him no warning concerning trouble with the motor, other than that the starter was not working.
We conclude that, under the circumstances related, the trial Court was correct in directing a verdict in favor of the Defendant. Plaintiff’s status was that of licensee, even though he was attempting to start the motor at Defendant’s request. (Cochran v. Abercrombie (Fla.App.) 118 So.2d 636, 79 A.L.R.2d 986). The duty owed to a licensee is set out by the Florida Supreme Court in McNulty v. Hurley, (Fla.) 97 So.2d 185, to be as follows:
“The duty owed a licensee is to refrain from wanton negligence or wilful misconduct which would injure him, or to refrain from intentionally exposing him to danger. City of Boca Raton v. Mattef, Fla.1956, 91 So.2d 644. There may be a further duty to the licensee to warn him of a defect or condition known to the owner or occupant to be dangerous when such danger is not open to ordinary observation by the licensee. Goldberg v. Straus, Fla. 1950, 45 So.2d 883; 65 C.J.S. Negligence § 35g; Prosser, Torts, Sec. 77 p. 450; Restatement, Torts, Sec. 342, Comment d.”
In the instant case there could be no claim of wanton negligence or wilful misconduct, nor could it be said that Defendant intentionally exposed the Plaintiff to danger. The only point which Plaintiff could possibly argue is a failure to warn him of a defect or condition. Even if such failure could be construed as a negligent act of omission, we are of the opinion that it would not justify recovery here. The doctrine of proximate cause comes into play. This doctrine is thoroughly discussed in the case of General Telephone Co. of Fla., Inc. v. Mahr, and cases cited therein (Fla.App., 153 So.2d 13) and reads as follows:
“ ‘If an independent efficient cause intervenes between the negligence and the injury, and the original negligence does not directly contribute to the force or effectiveness of the intervening cause, the original negligence is not regarded as a proximate cause of the injury, even though the injury might not have occurred but for the original negligence. A proximate cause stands next in causal relation to the effect. * * * A proximate cause produces the result in continuous sequence, and without which the result would not have occurred.’ ”
Clearly, in the instant case, the act of the Plaintiff, in wrapping the rope around his hand, was the independent efficient cause which intervened and which was responsible for Plaintiff’s injury.
Affirmed.
SMITH, C. J., and KANNER, J., concur.