284 So.2d 209 (1973)
Doris HIX et al., Petitioners,
v.
Steven BILLEN, Respondent.
No. 42322.
Supreme Court of Florida.
October 11, 1973.
Lake Lytal, Jr., of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for petitioners.
*210 Kenneth L. Ryskamp, of Fuller, Brumer, Moss & Cohen and Bolles, Goodwin, Ryskamp & Ware, Miami, for respondent.
DEKLE, Justice.
Direct conflict upon this petition for certiorari to review the incisive and scholarly opinion of Judge Spencer Cross at 260 So.2d 284 (Fla.App. 4th 1972), brings us to a further confrontation with the rule as to the differences of duty owed by the owner of premises to invitee and licensee. The Fourth District herein flatly holds that such distinctions in the duty owed relate only to the condition or use of the landowner's premises; that where the presence of the injured person is known to the landowner and the injury is caused by the active conduct or affirmative negligence of the landowner, as distinguished from the condition of the premises, ordinary negligence is the measure of care as in other negligent situations. The holding is described as "the great weight of authority and better reasoning."[1] We are in accord with this view.
Defendant called her neighbor (the plaintiff) over to assist in starting her automobile; as the neighbor poured gasoline directly into the carburetor, it burst into flames as defendant turned the ignition contrary to plaintiff's instructions, causing the plaintiff severe burns. It will be seen, as the Fourth District points out, that this action really has no relationship to defendant's premises; that it merely happened that the car was located there instead of on the curb or in a parking lot or elsewhere. Defendant turned on the ignition when plaintiff had told her not to and the flames burst forth. She contends he told her to turn on the ignition. This was a factual dispute for the jury. Her alleged negligence has no relationship to the premises.
Conflict is most direct with Cochran v. Abercrombie, 118 So.2d 636 (Fla.App.2d 1960), involving strikingly similar facts regarding the starting of an automobile which the defendant landowner left in forward gear so that it leaped forward and struck the plaintiff who was standing in front of it, which he was doing in response to defendant's request to look at the motor. That court applying the licensee duty not purposely to injure a licensee upon the premises denied recovery.
We choose to stand with the more logical and well-reasoned majority view in this country as so ably set forth in the Fourth District opinion below and hereby adopt that opinion as the opinion of this Court. Accordingly Cochran and similar past holdings are hereby expressly overruled insofar as they collide with the enlightened view now here adopted.[2]
There is a distinction to be noted between active, personal negligence on the part of a landowner and that negligence which is based upon a negligent condition of the premises. The real reason which gave rise to the limited liability to a trespasser or uninvited guest licensee, is not because his injury upon defendant's premises is of any less concern as an injury, but because his presence is not likely to be anticipated, so that the owner or occupier owes him no duty to take precautions toward his safety beyond that of avoiding willful injury and if his presence be discovered, to give warning of any known dangerous condition not open to ordinary observation by the uninvited licensee or trespasser. This rule relating to the limited duty to uninvited licensees (and trespassers) continues as our basic law with *211 respect to an alleged negligent condition of the premises. Wood v. Camp, 284 So.2d 691 (Fla. 1973), filed October 3, 1973.
Certiorari heretofore granted is accordingly.
Denied.
It is so ordered.
CARLTON, C.J., ROBERTS, ERVIN and McCAIN, JJ., and GROSSMAN, Circuit Judge, concur.
BOYD, J., dissents.
NOTES
[1] Citing Anno. 79 A.L.R.2d 990; W. Prosser, Law of Torts, 2d ed., § 77 (p. 445); Restatement of Torts, § 341 and specific cases set forth in the opinion.
[2] Gale v. Tuerk, 200 So.2d 261 (Fla.App.4th 1967); Wagner v. Owens, 155 So.2d 181 (Fla. App.2d 1963) (a guest helping to repair an outboard motor); Pinson v. Barlow, 209 So.2d 722 (Fla.App.2d 1968) (helping with the family pickling); and like cases.