PER CURIAM.
By a second amended complaint the appellants sought damages for personal injuries from the defendants Bonded Rental Agency, Inc., Palmetto Gas Company, Inc., and from certain individual defendants, who were owners of a building involved. The appellants seek reversal of a summary' judgment granted in favor of the defendant Palmetto Gas Company, Inc. The defendant Bonded Rental Agency, Inc., cross-assigned as error the order of the court denying its motion for summary judgment and denying its petition for rehearing directed thereto.
The basis for the action was injury to the plaintiff-appellant Della Mustipher, received when a gas explosion occurred in an apartment. Her husband John Mustipher joined in the action claiming derivative damages.
Prior to the hearing on motion for summary judgment Bonded answered, denying negligence and pleading contributory negligence and assumption of risk. Palmetto filed a similar answer, and cross-claimed against the other defendants, whom it alleged “owned and/or managed and/or controlled” the building involved, and prayed for judgment over, against the cross-defendants if the plaintiffs should prevail.
Facts which were before the court on the motions for summary judgment including the following. Palmetto supplied gas to the apartment house for use of gas cooking stoves therein. It connected or disconnected gas to apartments, and serviced them when requested. There was one gas meter. Lines to individual apartments were controlled by outside valves equipped with locking devices. The apartment in question, number 32, had been vacated some weeks prior to the time involved, and the apartment was left without a stove. On or about November 8, 1969, a Mr. Dorsey rented the apartment for his family use. On November 14 he obtained a gas stove, and requested Bonded to notify Palmetto to make the connection for its use. On November 15, the plaintiff Della Mus-tipher was in the apartment as a guest and proceeded to the kitchen to place some groceries in the refrigerator. As she did so, holding a lighted cigarette, the explosion occurred. The stove connection had not been made. After the explosion it was found that the gas inlet in the apartment was uncapped and was open, and that the lock on the outside valve for the gas line to that apartment had been broken off and was lying on the ground, and that the inlet valve was open. Palmetto had not received a request to connect the stove to that apartment. While the apartment was vacant, Bonded which managed the apartment, had inspected it and had painted the apartment. The foregoing does not purport to be a full statement of the facts disclosed in the pleadings and evidence which were before the court on the motions for summary judgment.
On consideration of the record, briefs and argument we conclude that the summary judgment granted in favor of Palmetto, and the denial of plaintiffs’ motion for summary judgment against Bonded should be affirmed. As to the claim of the plaintiffs against the defendant Bonded there were genuine material issues which could not properly be resolved on motion for summary judgment. As to the plaintiffs’ claim against the defendant gas company, the court correctly concluded its non-liability was established beyond issue.
Upon remand, the question of liability vel non of Bonded should be tested in light of the duty owed by one in occupancy or control of premises to a licensee who is in the status of a social guest thereon as pronounced recently in Hix v. Billen, 1973, 284 So.2d 209 (1973), as to whether the alleged negligence involved was personal negligence of the defendant or that negligence which is based upon a negligent condition of the premises.
Affirmed.