351 So.2d 967 (1977)
David MALDONADO et al., Petitioners,
v.
JACK M. BERRY GROVE CORP. et al., Respondents.
No. 48560.
Supreme Court of Florida.
September 22, 1977.
Rehearing Denied December 6, 1977.
Ira H. Leesfield and Larry S. Stewart, of Frates, Floyd, Pearson, Stewart, Richman & Greer, Miami, for petitioners.
James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Fort Myers, for respondents.
HATCHETT, Justice.
By petition for writ of certiorari, we review a decision of the Second District Court of Appeal, reported at 322 So.2d 608. That decision directly conflicts with Hix v. Billen, 284 So.2d 209 (Fla. 1973). We have jurisdiction pursuant to Article V, Section 3(b)(3). We reverse.
Petitioner, a three-year-old child, was taken by his parents to the place of their employment, a citrus grove owned and operated by the respondent. The child was put into a large empty tub while his parents filled other tubs with fruit. According to *968 the usual procedure, after the tubs were filled, they were emptied into a truck by means of a mechanical hydraulic lifting device known as a "goat." The driver of the "goat," operating the vehicle in reverse gear without a rear view mirror, backed over the child, who had climbed out of the tub, and severed his spinal cord.
The operator of the "goat" was a member of a fruit picking crew which had been hired by the Jack M. Berry Grove Corporation to perform fruit picking and related chores. Although the Berry Corporation was aware of the fact that its employees brought their minor children upon the premises, they had taken no precautions to protect the safety of the children.
The landowner attempted to discourage pickers from bringing their children into the groves, but there is evidence from which a jury might determine that such efforts were insufficient and unreasonable in light of the dangerous situation created by the presence of small children in the work areas.[1]
The trial court granted a motion for summary judgment on behalf of Jack M. Berry Grove Corporation and its insurer, relying upon the decision of this Court in Wood v. Camp, 284 So.2d 691 (Fla. 1973). The Second District Court of Appeal affirmed, determining that the injured child in the present case was an "uninvited licensee," as defined in the Wood decision. The District Court noted that a landowner owes a licensee a duty to refrain from wanton negligence or willful misconduct which might cause injury, to refrain from intentionally exposing the licensee to danger, and to warn of any dangerous latent defect or condition known to the landowner, but not open to ordinary observation to the licensee. There was no showing that Berry Grove failed to carry out this duty. However, Wood v. Camp, supra, involved negligence based upon a negligent condition of the premises, and the duty of the landowner in that regard. The present case involves alleged personal negligence on the part of the landowner. In Hix v. Billen, supra, 284 So.2d at 210, this Court held:
Where the presence of the injured person is known to the landowner and the injury is caused by the active conduct or affirmative negligence of the landowner as distinguished from the condition of the premises, ordinary negligence is the measure of care as in other negligence situations. (Emphasis supplied)
Only when liability is predicated upon an alleged defective or dangerous condition of the premises is the injured person's status relevant. Wood controls the liability of a landowner for injuries arising out of a defect in the premises, whereas the standard of ordinary negligence set forth in Hix governs the liability of a landowner to a person injured on his property unrelated to any defective condition of the premises.[2]
Here the grove itself was not dangerous. However, the operation of the "goat" among children present in the grove created a dangerous situation.[3] In the presence of a known danger, the fact that a dangerous condition was created or partially caused by an independent contractor will not shield an employer/landowner from legal liability, if the employer/landowner was negligent in failing to take sufficient precautions to alleviate the dangerous situation.[4]
*969 Therefore, since there exists evidence upon which a jury might find Berry Grove negligent, resulting in the present injury, it was improper to have granted summary judgment in favor of Berry Grove. The District Court's opinion is quashed, and the cause remanded for a jury trial.
It is so ordered.
ADKINS, BOYD and KARL, JJ., concur.
SUNDBERG, J., dissents with an opinion.
OVERTON, C.J., and ENGLAND, J., dissent and concur with SUNDBERG, J.
SUNDBERG, Justice, dissenting.
I must respectfully dissent from the majority's conclusion that this Court has jurisdiction in the instant case. It is asserted that the decision under review conflicts with Hix v. Billen, 284 So.2d 209 (Fla. 1973), thereby vesting jurisdiction in this Court under Article V, Section 3(b)(3), Florida Constitution. Although the District Court of Appeal concluded that this case was controlled by Wood v. Camp, 284 So.2d 691 (Fla. 1973), this Court maintains that the status of the child on the premises of the appellee is immaterial in determining the duty owed by the appellee to the child. This is so because "the standard of ordinary negligence set forth in Hix governs the liability of a landowner to a person injured on his property unrelated to any defective condition of the premises." Conceding that Hix is an exception to the rule respecting the duty of the owner of land to persons who enter thereon, nonetheless the facts of this case are not like those in Hix in a very critical particular and, hence, there is no conflict in the decisions.
In Hix, the defendant was guilty of active, personal negligence. As pointed out in the opinion:
There is a distinction to be noted between active, personal negligence on the part of a landowner and that negligence which is based upon a negligent condition of the premises. (Emphasis supplied) Hix v. Billen, 284 So.2d 209, 210.
In this case, appellee's liability, if any, is vicarious arising as it does out of the conduct of an employee of an independent contractor.
Although the District Court of Appeal expressly held that this case does not come within the principle "that where an employer gains knowledge of a dangerous situation created by an independent contractor, it may incur liability through its failure to halt the operation or otherwise remove the danger" the majority of this Court upon review of the same record and citation of the same authorities reaches the opposite conclusion.[1] Apart from the question of the propriety of our reweighing the evidence in this regard, I suggest that even if this Court's conclusion be correct, still there is no conflict either with the cases cited to support this principle or with Hix, supra. In neither Maule Industries v. Messana,[2] nor Peairs v. Florida Publishing Co.[3] was the dangerous situation created on the land of the defendant. Consequently, those cases cannot stand for the proposition that a landowner owes a higher duty of care to an uninvited licensee where his injuries result from a dangerous condition thereon created by employees of an independent contractor. Likewise, no conflict can arise from Warren v. Hudson Pulp & Paper Corp., 477 F.2d 229 (2d Cir.1973), for two reasons. First, it is not the decision of a Florida court. Second, the plaintiff in Warren was expressly stated to be a business invitee to whom a higher degree of care is owed. As stated by the Circuit Court of Appeal:
In Florida, a landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed *970 perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. (Citations omitted) 477 F.2d 229, 233.
Even more important, as pointed out above, the liability imposed on the landowner in the instant case is vicarious and, therefore, passive. A clear distinction in the law is drawn between active and passive negligence and the results which flow from such conduct. The distinction is pointed up in cases involving indemnity as between joint tort-feasors. Where the active negligence of several tort-feasors concurs to cause injury to a claimant one tort-feasor is not entitled to indemnification against another. However, if the negligence of one is active and that of another is passive (vicarious) the passive tort-feasor may obtain indemnification from the active tort-feasor. See Seaboard Air Line Railway Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932); Armor Elevator Co., Inc. v. Elevator Sales & Service, Inc., 309 So.2d 44 (Fla.3d DCA 1975); Florida Power & Light Co. v. General Safety Equipment Co., 213 So.2d 486 (Fla.3d DCA 1968); Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla.1st DCA 1963).
For several reasons the reference in Hix, supra, to active, personal negligence cannot be ignored as non-thoughtful, loose phraseology. To begin with, in Wood v. Camp, supra, a decision concerning the liability of landowners filed eight days prior to Hix and authored by the same judge, the Court distinguished the latter case in the following terms:
The case of active negligence not related to the premises is of course a valid exception. Hix v. Billen, 284 So.2d 209. (Emphasis supplied) Wood v. Camp, 284 So.2d 691, 695.
In addition, it will be observed that the cases expressly overruled in Hix all involved active negligence as opposed to passive negligence or vicarious liability.
It may well be that passive negligence or vicarious liability should be included within the principle of the Hix case. But, the decision here under review simply is not in conflict with Hix in its failure to so extend the doctrine of that case.
Accordingly, I would discharge the writ of certiorari as having been improvidently granted.
OVERTON, C.J., and ENGLAND, J., concur.
NOTES
[1] Berry Admitted that injuries resulting from the operation of the "goats" were a frequent occurrence.
[2] This is applicable to liability based upon either the active or passive negligence of the landowner, unaffected by those special duties created by a person's "status" as set forth in Wood v. Camp, supra.
[3] We do not hold that harvesting citrus is an inherently dangerous operation creating a nondelegable duty on the employer to exercise reasonable care to prevent harm to third persons when the independent contractor is performing inherently dangerous work, see Florida Power & Light Co. v. Price, 170 So.2d 293 (Fla. 1964).
[4] Maule Industries v. Messana, 62 So.2d 737 (Fla. 1953); Peairs v. Florida Publishing Co., 132 So.2d 561 (Fla.1st DCA 1961); Warren v. Hudson Pulp & Paper Corp., 477 F.2d 229 (2nd Cir.1973).
[1] The majority does not fault the determination by the District Court of Appeal that the child occupied the status on appellee's land of an uninvited licensee.
[2] 62 So.2d 737 (Fla. 1953).
[3] 132 So.2d 561 (Fla.1st DCA 1961).