418 So.2d 382 (1982)
FLORIDA EAST COAST RAILWAY COMPANY, Appellant,
v.
Gary GONSIOROWSKI, Appellee.
No. 81-406.
District Court of Appeal of Florida, Fourth District.
August 18, 1982.
Rehearing Denied September 10, 1982.
*383 Kenneth L. Ryskamp of Goodwin, Ryskamp, Welcher & Carrier, P.A., Miami, for appellant.
Mark S. London, Hollywood, Simons & Schlesinger, P.A., Fort Lauderdale, and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellee.
BERANEK, Judge.
This is an action for personal injury sustained by plaintiff, Gary Gonsiorowski, when he was struck by a diesel locomotive operated by defendant, Florida East Coast Railway Company. The accident occurred on the evening of September 6, 1977, in Hollywood.
Plaintiff, who had been drinking, attempted to cross the railroad tracks at night at a place which was not a designated crossing but was often used as such by numerous persons. Plaintiff tripped over a pile of railroad spikes in an area adjacent to the track and struck his head on one of the rails. Plaintiff sustained a skull fracture, which rendered him unconscious. At this time defendant's train was proceeding south at 25 miles per hour, blowing its whistle. Still unconscious, plaintiff did not react. Although the engineer saw an object on the track much earlier it was not until the train was 150 feet away that the engineer realized a man was lying on the track and applied the emergency brakes. The train was unable to stop and plaintiff's legs were severed. There was evidence of faulty brakes on the train. At the conclusion of an extensive trial, the jury rendered a special verdict finding defendant 25% negligent, plaintiff 75% negligent, and assessing damages at $2,000,000. The trial court reduced this amount in accordance with plaintiff's comparative negligence and issued a final judgment in plaintiff's favor for $500,000.
The defendant railroad raises two points on appeal, both relating to the issue of plaintiff's status on the property. Initially, defendant contends the trial court erred in failing to direct a verdict on the grounds that plaintiff was either a trespasser or uninvited licensee as a matter of law, and that the railroad violated no duty to plaintiff as one in this classification. Next, defendant contends that, having failed to direct a verdict, the trial court erred in failing to instruct the jury on the various classifications of persons on the land of another, and the duty owed by the landowner to such persons. Plaintiff urges that the trial court's instructions were correct and in any event his status was irrelevant to the case.
Taking defendant's first point, we find no error in the trial court's refusal to direct a verdict in its favor. Plaintiff suffered two distinct injuries. When plaintiff *384 tripped over the spikes and fell on the track, he was either an undiscovered trespasser or an uninvited licensee. A land-owner owes the undiscovered trespasser a duty only to avoid wanton and willful harm to him; he owes an uninvited licensee the additional duty of warning him of any known dangers not open to ordinary observation. Wood v. Camp, 284 So.2d 691 (Fla. 1973). If the only evidence offered at trial was that the spikes were in plain and open view, a directed verdict may have been proper. However, there was evidence here that the defendant was on notice that the area was used as a walkway and that the spikes were located in weeds and grass. There was also evidence that the railroad had a program or policy under which such spikes were to be picked up. This presented a jury question on negligence and whether the danger was open to ordinary observation. As to the second injury, which occurred when plaintiff was struck by the train, the trial court quite properly denied a directed verdict. Plaintiff's status on the property was irrelevant with respect to this injury as it was not caused by the condition of the premises but rather by the operation of the train. See Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla. 1977); Hix v. Billen, 284 So.2d 209 (Fla. 1973). Where the liability of a landowner to a person injured on his property is unrelated to any defective condition of the premises, the standard of reasonable care under the circumstances as set forth in Hix governs. Maldonado, supra. We note that in their briefs the parties distinguish the two injuries and discuss the two incidents separately; however, the trial was not handled in this manner. Even if we were to agree with defendant, at the very most, it was entitled to a partial directed verdict on the first injury alone. A review of the record demonstrates that defendant did not move for a directed verdict on each injury separately. Rather, it requested that a verdict be directed on the entire case. As the trial court correctly denied the motion for directed verdict on the entire case based on the second injury, we find no error. See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977).
Defendant's second point regarding the court's failure to instruct the jury on status falls along similar lines. We agree with defendant only so far as to say that the trial court should have instructed the jury on the various classifications of persons on the land and the duty owed to them with respect to first injury only. We agree with plaintiff that his status on the property is irrelevant with respect to the second injury only. Neither party, however, requested the trial court to instruct the jury separately on each injury. Further, the parties agreed to a verdict form which did not differentiate between the two injuries. As the trial court properly instructed the jury as to the second injury and it is impossible to ascertain from the verdict on which injury the jury based its verdict, defendant is unable to establish it has been prejudiced. Under the "two-issue" rule where one of the issues submitted to the jury is free from prejudicial error, it will be presumed that all issues were decided in favor of the prevailing party and a judgment will be affirmed. See Colonial Stores, Inc. v. Scarbrough, supra, and Whitman v. Castlewood International Corp., 383 So.2d 618 (Fla. 1980). Had defendant wished to preserve this issue a special verdict form distinguishing the two injuries should have been submitted.
In summary, the case was not presented to the trial court or the jury on the basis of two separate injuries involving distinct theories of liability as to each injury. It is too late to now divide the case accordingly.
AFFIRMED.
DOWNEY and HURLEY, JJ., concur.