ORFINGER, Chief Judge.
Defendant, Walt Disney World Company (Disney), appeals from a final judgment following a jury verdict for plaintiff in a personal injury suit. We affirm.
. Plaintiff and several of his teenage friends were patrons of Disney’s River Country on August 16, 1979. River Country is a water oriented amusement area in Walt Disney World. The young men arrived there at about 6:00 in the afternoon. After swimming for awhile in a designated area, they left that area and walked along a nature trail which runs around a portion of Bay Lake.[1] At approximately 9:00 P.M., about six or eight of the young men decided to climb the rail fence separating the walkway from the lake and swim the several hundred yards to Discovery Island. As they swam across the lake, the plaintiff was struck by a boat and injured.
Although in conflict, there was competent evidence presented to sustain a finding that the boat was owned by Disney and operated by a Disney employee in the course of his employment; that although late, it was not quite dark at that time and that light from both River Country and Discovery Island helped light the area; that the boat was operated at an excessive rate of speed and that the operator saw or should have seen the boys in the water, all of whom were yelling, splashing and waving their arms to signal their presence to the boat operator. In other words, there was evidence to sustain the conclusion that the employee’s negligence in the operation of the boat was the proximate cause of the plaintiff’s injury.
The parties devote much of their argument to questions relating to the status of plaintiff upon the Disney property, i.e., whether invitee, uninvited licensee or trespasser, because in a premises liability case, the status of the injured person is important in defining the landowner’s duty towards that person. Appellant contends that appellee was a trespasser in the lake, or at best an uninvited licensee. Appellee contends that he was an invitee. See Wood v. Camp, 284 So.2d 691 (Fla.1973). However, this is not a premises liability case because there is no evidence whatever to indicate that plaintiff was injured by or because of a defective condition in the Disney premises.
Under these circumstances, the plaintiff’s status on the property is not relevant. Only when liability is predicated on an alleged defect or dangerous condition of the premises is the injured person’s status *695 relevant. Wood v. Camp, 284 So.2d 691 (Fla.1973). The standard of ordinary negligence governs the liability of a landowner to persons injured upon the property by the active negligence of the landowner. Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla.1977); Hix v. Billen, 284 So.2d 209 (Fla.1973); Whitlock v. Elich, 409 So.2d 110 (Fla. 5th DCA 1982). Our review of the record reveals competent, substantial evidence to support the jury’s verdict on this issue.
We have considered appellant’s remaining issues and find them to be without merit.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.

. Bay Lake is completely within River Country and evidence was presented upon which it could be found that it was either owned by Disney or within its complete control.