SHARP, Judge,
dissenting.
I believe the summary judgment granted to defendants on the attractive nuisance count in this case was improper.
The lower court granted summary judgment based upon its findings that the pond was in the control of the independent contractor, that Dr. Saha did not know the pump was a dangerous risk to the neighborhood children who trespassed to swim in the pond, and that Saha did not know Davis, one of the independent contractors, was running the pump at the time that Chad Starling drowned. I do not believe Saha had to have actual knowledge. The depositions and affidavit in the record disclose facts from which a jury could find that Saha’s independent contractors had the knowledge necessary to find liability under the attractive nuisance doctrine.[1] A landowner will not be shielded from liability for an attractive nuisance created or operated on his land by an independent contractor. See Carter v. Livesay Window Company, 73 So.2d 411, 414 (Fla.1954).
Nor does the operation of a dangerous condition in proximity to children by an independent contractor prevent the imposition of liability on a landowner who fails to take sufficient precautions to alleviate the dangerous situation. Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla.1977); Florida Power and Light Company v. Price, 170 So.2d 293 (FIa.1964). Based on the record in this case I think a jury could have found that Saha had the requisite constructive knowledge to support liability under the attractive nuisance doctrine. As I indicated in my previous opinion in this case, which concurred in part and dissented in part,[2] Saha gave permission to one child to swim in this pond, frequently visited the property to feed his livestock, saw children at the pond and must have been aware that children were swimming there on a frequent basis. Further, due to his frequent visits to the property, Saha must have been aware that a pump, similar to the pump involved in the child’s death, ran from time to time for at least a year prior to the accident in the pond where the children were swimming. Even a non-defective pump presents serious hazards to swimmers. For these reasons, I think summary judgment was improperly entered against the Starlings on the attractive nuisance count.

. See In Re Estate of Starling, 451 So.2d 516 (Fla. 5th DCA), review denied, 458 So.2d 273 (Fla.1984) (Sharp, W., J., concurring in part and dissenting in part).

. Id.