495 So.2d 1230 (1986)
Bettyann KILGUS, Appellant,
v.
Kenneth R. KILGUS, et al., Appellees.
No. 85-1912.
District Court of Appeal of Florida, Fifth District.
October 16, 1986.
Harlan L. Paul of James, Zimmerman, Paul & Clayton, DeLand, for appellant.
J. Lester Kaney of Cobb & Cole, Daytona Beach, for appellees.
COWART, Judge.
A father, mother, son, and daughter-in-law were cooking out at the parents' home. When the cooking fire died down, the son procured a can of lighter fluid and poured it on the smoldering fire. The fire flared, igniting the can of fluid. The son dropped the flaming can, splashing its contents on the daughter-in-law who was seriously burned. The daughter-in-law sued the parents, alleging that the father had suggested the son use the lighter fluid on the dying fire. The trial court granted a summary judgment for the parents, the daughter-in-law appeals. We affirm.
*1231 This is not a premises liability case because the injury to the daughter-in-law resulted not from a defective or dangerous condition of the premises but from a negligent act occurring on the premises. Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla. 1977); Hix v. Billen, 284 So.2d 209 (Fla. 1973); Gerlach v. Trepanier, 440 So.2d 73 (Fla. 5th DCA 1983); Walt Disney World Co. v. Beattie, 428 So.2d 693 (Fla. 5th DCA), pet. for rev. denied, 440 So.2d 354 (Fla. 1983); Whitlock v. Elich, 409 So.2d 110 (Fla. 5th DCA 1982). The father's suggestion to the son to use the lighter fluid to reignite the cooking fire does not render the father liable for the son's negligence in using the lighter fluid. A mere suggestion to another to take action that may be done negligently or non-negligently does not amount to a "concert of action" between the suggestor and the actor even if that theory of liability is viable in Florida. See Conley v. Boyle Drug Company, 477 So.2d 600 (Fla. 4th DCA 1985). The father's suggestion does not constitute the giving of "substantial assistance" to the son's performance of a negligent act nor does it make the father liable as an "aider and abettor." See generally Restatement (Second) of Torts § 876(b) comment d (1979); Halberstam v. Welch, 705 F.2d 472 (D.C. Cir.1983).
AFFIRMED.
COBB and SHARP, JJ., concur.