DELL, Judge.
Appellant, Craig Shumake, appeals from a judgment on the pleadings entered against him in his action for personal injuries against appellee. Appellee, Florida East Coast Railway Co. (FEC), cross appeals the trial court’s order striking its defense of assumption of the risk.
Appellant sustained personal injuries when he attempted to cross appellee’s railroad tracks by climbing between the cars of a stopped train. Appellant’s amended complaint alleged, among other things:
The area where this accident occurred is an area where the trains of the Defendant, FLORIDA EAST COAST RAILWAY COMPANY stop on the track with regularity for extended periods of time.
The Defendant, FLORIDA EAST COAST RAILWAY COMPANY, knew or should have known that in the past the trains of the FLORIDA EAST COAST RAILWAY COMPANY that were stopped on the track had blocked all manner of travel from west to east in the area where this accident occurred and that individuals would cross over the couplings between the cars.
By virtue, therefore, of the knowledge or constructive knowledge of FLORIDA EAST COAST RAILWAY COMPANY, the Defendant owed a duty of reasonable care to the Plaintiff.
At the time and place described above, the Defendant, FLORIDA EAST COAST RAILWAY COMPANY, breached its duty of reasonable care to the Plaintiff by:
a. [Fjailed to keep proper lookout for individuals they knew or had reason to know would be in the area.
b. [I]ts officers, agents or employees made a number of movements of the cars in the train involved in this accident without keeping a proper lookout even though they knew or had reason to know that there were individuals in the areas of these trains.
*1179 c. [F]ailed to have a sufficient number of personnel on their trains to make the movements they were making with reasonable certainty.
d. [F]ailing to exercise reasonable care....
e. [F]ailing to warn that the train was going to move, failing to guard against accidents, failing to abide by their own safety rules, failing to have couplers between the cars that could not be trans-versed, failing to have blinds between the cars.
f. [F]ailed to fence the area where the trains stop so as to prohibit people from crossing the trains.
Appellees’ answer contained affirmative defenses of comparative negligence, trespass and assumption of the risk. Appellant moved in limine to prohibit appellees from referring to him as a trespasser. During the hearing on appellant’s motion, appellant agreed that the facts would show that he did not board the train as a licensee, guest, employee, or as a ticket holder. He argued that he based his claim upon appellees’ negligence in the operation of the train. The trial court denied appellant’s motion in limine. Thereafter, appellant agreed to waive the procedural requirements with respect to an oral motion by appellees for judgment on the pleadings. Based on the stipulated facts, the trial court granted appellees’ motion:
THE COURT: I will make my ruling. I agree with you. My basic premise — and I want this absolutely clear — is that this man’s injury did not befall upon him because he was walking across the railroad property or tripped over something that was on the railroad property or may have passed out and was laying on the railroad when this railroad train came along, but rather the injury came and befell upon him when he without authority climbed upon the railroad train itself, and some movement, I am going to assume, occurred, and he fell off, and then the injury occurred.
My specific ruling is that when he left the land and climbed aboard the train itself, he is a trespasser upon that train, and being a trespasser upon that train, under those circumstances, not being a licensee or a guest or employee or a ticket holder, he then is a trespasser, and the status would be relevant, and the applicable law, standard of duty of care as to a trespasser as we now know it would apply. That is my ruling.
Appellant contends the trial court erred in entering judgment on the pleadings where the allegations of negligence relate to the operation of the train and not to any condition of appellees' land. Appellees cross appeal the trial court’s order striking their affirmative defense of express assumption of the risk.
The trial court based its judgment on the pleadings on appellant’s amended complaint, appellees’ answer and affirmative defenses and appellant’s stipulation that at the time of the accident he did not board the train as a licensee, guest, employee or as a ticket holder. We disagree with the trial court’s conclusion that as a matter of law the standard duty of care to a trespasser would apply to appellant’s claim. In Hix v. Bitten, 284 So.2d 209, 210-11 (Fla.1973), the Supreme Court discussed the duty owed to a trespasser:
There is a distinction to be noted between active, personal negligence on the part of a landowner and that negligence which is based upon a negligent condition of the premises. The real reason which gave rise to the limited liability to a trespasser or uninvited guest licensee, is not because his injury upon defendant’s premises is of any less concern as an injury, but because his presence is not likely to be anticipated, so that the owner or occupier owes him no duty to take precautions toward his safety beyond that of avoiding willful injury and if his presence be discovered, to give warning of any known dangerous condition not open to ordinary observation by the uninvited licensee or trespasser. This rule relating to the limited duty to uninvited licensees (and trespassers) continues as our basic law with respect to an alleged negligent condition of the premises. Wood v. Camp, 284 So.2d 691 (Fla.1973), filed October 3, 1973.
*1180 Hix and the cases following it have qualified the duty owed to a trespasser. In Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla.1977), a hydraulic lifting device operated by an independent contractor ran over a worker’s child. The owner of the land had knowledge that its employees brought their children to the site, but had taken no precautions to protect them. The court reversed summary judgment for the landowner:
Only when liability is predicated upon an alleged defective or dangerous condition of the premises is the injured person’s status relevant. Wood controls the liability of a landowner for injuries arising out of a defect in the premises, whereas the standard of ordinary negligence set forth in Hix governs the liability of a landowner to a person injured on his property unrelated to any defective condition of the premises.
Id. at 968. See also Florida East Coast Ry. v. Gonsiorowski, 418 So.2d 382 (Fla. 4th DCA 1982); Seaboard System R.R. v. Mells, 528 So.2d 934 (Fla. 1st DCA 1988).
Appellees take the position that appellant stipulated to facts which show that at the time of the accident his status on the train was that of a trespasser and that, in the absence of an allegation and evidence showing that his injury resulted from wilful and wanton misconduct, he cannot recover. They argue that Hix should not be applied because it was the conveyance on which appellant allegedly trespassed that caused his injury. It appears the trial court agreed and applied the standard of wilful and wanton misconduct applicable to a trespasser. In doing so, it failed to consider appellant’s allegations that appellees had actual or constructive notice that individuals crossed the tracks by climbing between the cars or appellant’s allegations that his injuries resulted from appellees’ negligent operation as opposed to a defective condition of the train.
In Byers v. Gunn, 81 So.2d 723 (Fla.1955), the defendant’s daughter, while operating his automobile, refused to give three boys and a girl a ride. They climbed on the front fenders and hood of the car. Defendant’s daughter started the car in motion and when she brought the car to a full stop, the plaintiff fell and suffered severe injuries. The defendant claimed that the plaintiff could not recover as a matter of law because of the defense of trespass. The Supreme Court affirmed a verdict in favor of the plaintiff.
The injured girl was a trespasser and the trial judge so informed the jury. The rule of law is clear that the standard of care owed to a trespasser is to refrain from committing a willful or wanton injury. This rule, however, gives way to the further proposition that after discovery of the peril to a trespasser, the driver of the automobile is then duty-bound to exercise reasonable care and caution under the circumstances.
Id. at 725-26.
Here the facts stipulated to by appellant may establish his status either as a trespasser or an uninvited licensee on appel-lee’s train. However, that status alone would not bar his claim if the evidence demonstrates that appellees had actual or constructive knowledge of appellant’s presence but failed to exercise reasonable care for his safety. We conclude from the stipulated facts and the facts alleged in appellant’s complaint, this case falls squarely within the exceptions to the defense of trespass as enunciated in Byers and Hix. Therefore we hold that the trial court erred when it entered judgment on the pleadings in favor of appellee.
We find no merit in appellant’s argument on cross-appeal that the trial court erred when it struck its affirmative defense of express assumption of risk. Appellees misplace their reliance on Black v. District Board of Trustees of Broward Community College, 491 So.2d 303 (Fla. 4th DCA 1986). We affirm the order striking the affirmative defense on the authority of Blackburn v. Dorta, 348 So.2d 287 (Fla.1977), Kuehner v. Green, 436 So.2d 78 (Fla.1983) and Spaulding v. City of Melbourne, 473 So.2d 226 (Fla. 5th DCA 1985). See also Gorday v. Faus, 523 So.2d 1215, 1216-17 (Fla. 1st DCA 1988); Seaboard *1181 System R.R. v. Mells, 528 So.2d 934 (Fla. 1st DCA 1988).
Accordingly, we reverse and remand this case to the trial court for further proceedings not inconsistent herewith.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
ANSTEAD, J., and WARNER, MARTHA C., Associate Judge, concur.