STONE, Judge.
We affirm a plaintiffs’ judgment, based on a jury verdict for personal injuries incurred by Juan Cedillo, age 14, while trespassing on the defendant’s train. We address two of several issues raised.
The accident occurred at 8:15 a.m. in the city of West Palm Beach while the train was engaged in a “switching” operation. The train, contrary to the provisions of a city ordinance, was blocking the 15th Street crossing. The evidence reflects that the plaintiff waited to cross the tracks with his bike for 15 or 20 minutes, although this time period is disputed by the defense. A man with a bike on the other side of the train suggested that each pass their bike across to the other. The man then safely crossed over the train coupling and rode off. When Juan Cedillo tried crossing over, the train, without warning by a whistle or a horn, started moving. His foot was caught in the coupling and was crushed. Independent witnesses observed all of these events.
There was expert testimony that the defendant’s safety controls in the switching operation not only deviated from proper procedure but violated the defendant’s own operating rules concerning switching operations at street crossings. There was evidence that pedestrians crossing under these circumstances was a common occurrence. Additionally, there was evidence that the defendant’s agent at the scene told the boy’s parents that they could sue because the train was understaffed at the time.
The plaintiffs alleged active negligence based on the railroad’s moving the train without warning, inadequate personnel, failing to maintain a lookout for pedestrians and unlawfully blocking the crossing.
The railroad denied the negligence claims and attempted to allege as an affirmative defense that Cedillo trespassed on the train and was injured by a condition of the train. The trial court struck this defense.
West Palm Beach City Ordinance 25-4 deals with trains blocking street crossings. It provides, generally, that streets should not be blocked for more than specified maximum times and, specifically, that the 15th Street crossing should remain unblocked except by moving trains at all times other than for certain specified hours not applicable here.
The plaintiff contends that the ordinance is relevant as it did not permit the crossing to be blocked by a standing train at, or even near, the time of the switching operation undertaken here. The railroad asserts that the ordinance is irrelevant and that there was no causal connection between the violation of the ordinance and the plaintiff’s injury. Its purpose, according to appellant, is not to protect pedestrians from hazards arising out of the railroad’s switching operation, but to insure that vehicles will have the crossing available in an emergency. Additionally, the appellant argues that the trial court’s interpretation of the ordinance interfered with interstate commerce.
We find no error in the court’s construing the plain wording of the ordinance and instructing the jury that it could consider it on the issue of negligence.[1] The *316 ordinance provides that the 15th Street crossing remain open at all applicable times. There is nothing in its wording or in the city commission minutes to restrict its relevancy only to the blocking of emergency traffic. We note that the 15th Street crossing is a busy one, near schools and playgrounds. The evidence suggests that the railroad regularly ignored the city ordinance.
Violation of a traffic control ordinance is evidence of negligence. E.g., deJesus v. Seaboard Coast Line R.R. Co., 281 So.2d 198 (Fla.1973); Hynds v. Thomas, 543 So.2d 464 (Fla.2d DCA 1989). See also Brackin v. Boles, 452 So.2d 540 (Fla.1984). Whether violation of the ordinance is a proximate cause of the injury is a jury issue. Here, the court did not err by determining that the ordinance was relevant and that the jury could consider it in weighing the significance of the railroad conducting lengthy switching operations at this time and place. A similar ordinance was deemed relevant as evidence of negligence in an Illinois case involving a child crawling under a stationery train that started without warning. Babcock v. Chesapeake & Ohio Ry. Co., 83 Ill.App.3d 919, 38 Ill.Dec. 841, 404 N.E.2d 265 (1979).
The appellant has presented no proof supporting its additional contention that the courts application of the ordinance is an unconstitutional interference with interstate commerce. In any event, although the point was mentioned as a passing comment by counsel at one point in the trial, that argument and any corollary issues were not presented to the trial court for its resolution, nor has any attack been made on the validity of the ordinance. We therefore do not consider on appeal any such constitutional or related issues.
The appellant asserts that the trial court erred by striking the affirmative defense that the plaintiff was a trespasser on the train. Generally, the duty owed a trespasser with respect to hazardous conditions on the premises is to avoid willful and wanton injury to the person and, if the trespasser’s presence is known, to warn of dangerous conditions not open to ordinary observation. However, where the tort-fea-sor’s active negligent conduct, as opposed to a condition of the premises, is the claimed cause of injury in cases where the defendant knew, or constructively knew, of the trespasser’s presence, the measure of care owed is that imposed generally in determining ordinary negligence. Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla.1977); Hix v. Billen, 284 So.2d 209 (Fla.1973).
Here, Cedillo’s status as a trespasser on the train couplings is irrelevant where the evidence and allegations are not that the injury was caused by a condition of the train but solely by the negligent operation of it. See Shumake v. Fla. E. Coast Ry. Co., 534 So.2d 1178 (Fla. 4th DCA 1988); Florida E. Coast Ry. Co. v. Gonsiorowski, 418 So.2d 382 (Fla. 4th DCA 1982), rev. denied, 427 So.2d 736 (Fla.1983); Walt Disney World Co. v. Beattie, 428 So.2d 693 (Fla. 5th DCA), rev. denied, 440 So.2d 354 (Fla.1983). See also Florida E. Coast Ry. Co. v. Pickard, 573 So.2d 850 (Fla. 1st DCA 1990).
In Gonsiorowski, the plaintiff tripped on a pile of spikes while crossing the tracks and was subsequently struck by a train with faulty brakes. There, this court recognized that although the plaintiff’s status as a trespasser is relevant to issues concerning his fall caused by a condition of the premises, his trespasser status was irrelevant to issues of active negligence in the operation of the train.
In Shumake, as here, the plaintiff was injured while climbing between cars of a stopped train. There, we reversed a judgment entered on the pleadings in favor of the railroad, recognizing that the plaintiff’s status as a trespasser is irrelevant to his claims of active negligence in the railroad’s operation of the train if the evidence demonstrates actual or constructive knowledge of the plaintiff’s presence and a failure to exercise reasonable care for his safety. In Shumake, we indicated that, following Maldonado and Hix, to the extent that defendant’s negligence is in the operation, rather than in a condition, of the train, the plaintiff’s trespasser status does not excuse the railroad’s duty to use reasonable care for the plaintiff’s safety where the *317 defendant has notice, actual or constructive, of the plaintiffs presence. In Shu-make, while recognizing the plaintiffs cause of action for the railroad’s ordinary negligence, we did not specify that no status defense remained but only that status would not bar the plaintiffs claims on the allegations of active negligence. However, there unlike this case, the plaintiff additionally alleged that the injury was caused by a condition of the train or the premises. Here, unlike in Shumake, there are no allegations of liability arising out of the condition of the train. And simply because the plaintiff must prove that the defendant knew or should have known of his presence does not convert trespasser status from an irrelevant fact to a defense. Rather, actual or constructive notice of presence is simply an element to be proved.
There is no reason not to apply the principles of Hix and Maldonado here. In Beattie, the Fifth District recognized that the plaintiffs status as a trespasser was irrelevant and that standards of ordinary negligence govern a landowner’s liability where the defendant’s employees, negligently operating a boat, saw or should have seen the trespassing plaintiff in the water. In this case, there was ample evidence from which the jury could find that the railroad should have known of the plaintiff’s presence. Even the defendant’s conductor testified that he knew that if the train was stationary at that location for more than a couple of minutes, “we would have people all over the train.”
Therefore, we conclude that it was not error to strike the trespasser defense and to instruct the jury on standards of ordinary negligence where the plaintiff’s allegations and proof applied only to the defendant’s active conduct and not to a condition of the train.
We have also considered the other issues raised and find no error or abuse of discretion. The final judgment is affirmed.
DOWNEY and POLEN, JJ., concur.

. We note that the jury was not instructed that an ordinance violation was negligence as a matter of law.