HARRIS, Judge.
The issue in this case is whether Florida Central Railroad Company, Inc. (Railroad) is liable under ordinary negligence principles (as opposed to premises liability) when a trespasser falls asleep under a railcar located on Railroad’s property and is undiscovered and injured when the railcar is moved. The trial court dismissed the complaint. We affirm.
Kenneth F. Lynch alleges that although Railroad was unaware of his presence at the time of the injury, it was aware that people often congregated and consumed alcohol around the location where this accident occurred. He further alleges that “it was evident” from boxes and boards laying around that some people occasionally slept in the area. He alleges that Railroad, notwithstanding this knowledge, did nothing to prevent his injury when on the night of March 31, 1994, after congregating and consuming with others, he “sought shelter from the rain underneath what to him appeared to be an abandoned freight car sitting separately from the other cars on the railroad tracks” and fell asleep. He was injured when the railcar was moved while he was sleeping. He contends that Railroad was negligent in not discover- *558 mg his presence and/or in not sounding an adequate warning before moving the railcar.
Although the pleadings combine allegations which sound in premises liability with allegations of negligent operation of the train, it is clear that plaintiff is relying on the latter theory for recovery. Since the trial court dismissed his complaint, we must decide if he has alleged sufficient facts to state a cause of action based on the negligent operation of the train.
We must therefore determine if allegations that people congregate and consume alcohol in the vicinity of railroad tracks imposes a duty on the railroad to thereafter anticipate the presence of trespassers sleeping under its cars when it moves its cars even on its own property. We have found no case in point.
The first question we must resolve is whether plaintiffs status as a trespasser is relevant when the action is not based on premises liability. We know from Hix v. Bitten, 284 So.2d 209 (Fla.1973), and Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla.1977), that if the presence of the trespasser is known to the owner, then his status as a trespasser is irrelevant if he is injured by the owner’s negligence. But neither of these cases imposes a duty on the railroad to search for sleeping trespassers. In the case at bar, Lynch candidly admits that Railroad had no actual knowledge of his presence. He contends, however, that constructive notice is sufficient to impose the requisite duty on Railroad.
In support of his position, Lynch cites Shumake v. Florida East Coast Railway Co., 534 So.2d 1178 (Fla. 4th DCA 1988) and Florida East Coast Railway, v. Southeast Bank, 585 So.2d 314 (Fla. 4th DCA 1991). Both of these eases deal with pedestrians who have attempted to cross between rail-cars when the train has blocked a public street for an extended time. Certainly in this situation the railroad should anticipate the presence of members of the public who might become impatient with the long delay and seek to cross the track. But their presence would be open and obvious to railroad employees stationed on either side of the train. And it is not too much to expect the railroad company to post sentinels during the prolonged period it is blocking public passage across its tracks. But neither of these eases stand for the proposition that the rail company, in moving its railcars from one spot to another on its own property, has an obligation to search under its cars for sleeping trespassers.
A ease more in point is Seaboard Air Line Railroad Company v. Branham, 99 So.2d 621 (Fla. 3d DCA), cert, discharged, 104 So.2d 356 (Fla.1958). In Branham, the freight yard was adjacent to a busy port on the St. Johns River. The plaintiff, who along with several others had been watching a boat dock, felt the call of nature and sought a private place. He found such a place on defendant’s property after passing three box cars. “The third and fourth cars were about twelve feet apart and the plaintiff stepped between them to urinate. This ‘fourth’ car was actually the last car of a train consisting of thirty-seven freight cars and an engine.” Id. at 623. When the engine backed up with “[a]ll five members of the train crew” congregated in the cab of the engine, plaintiff was injured. Branham found liability because the rail company operated its freight yard in a congested area and did not attempt to keep the public from using its property. In such case, Branham found the plaintiff to be an implied licensee and relied on the rule “that railroads must exercise ordinary care to discover the presence of an implied licensee whose presence is reasonably foreseeable.” Id. at 625. This case stands for the proposition that the railroad even on its own property should look behind its train before backing up. This would be true, of course, for an individual backing down his own driveway.
Branham was revisited the next year by the very same panel in Butler v. Barr, 114 So.2d 700 (Fla. 3d DCA), cert, denied, 116 So.2d 775 (Fla.1959). In Butler, plaintiffs deceased had attempted to cross under or through the middle of a train at or about the time it began to move:
The instant case is similar [to Branham ] in that it concerns the use by a member of the public of a railway freight yard in a heavily populated urban center, and in the *559 fact that the railroad had actual knowledge that members of the public used the yard for their own convenience. It is dissimilar in that it was conclusively demonstrated that Barr’s injury occurred because he had crawled under or through the train 12 to 18 cars from the end at the time the train was put in motion. Barr had placed himself in a position of peril where his discovery was well-nigh impossible and no ordinary warning would have availed him.
Even if someone had been looking at the rear and front of the train, Barr would not have been seen. Further, since the train was located on the railroad’s property and was not blocking a public right-of-way, there was no duty to post sentinels to watch along the length of the train.
The facts before us are not similar to any reported case — at least in Florida. Railroad was not blocking an intersection nor was the injury occasioned because of the failure to look behind the engine prior to coupling. Sentinels looking in front of and behind the railcar would not have discovered a sleeping trespasser under the car. Should the fact that people occasionally congregate and consume alcohol along Railroad’s private right-of-way constitute constructive knowledge that on some later date someone may have secretly crawled under the railcar and fallen asleep so that a duty is imposed on the railroad always to check under its cars before moving them even on its own property? If revelers were observed near the railcar at the time it was to be moved, certainly a duty would arise to use due care so as not to injure them. Even then, however, it would take unusual facts to impose a duty to look under the car. If we find that such an obligation exists under the facts of this case, we will be substantially expanding the duty that a landowner now owes a trespasser. We find that the facts of this case do not justify an expansion of that duty.
In this situation, when the trespasser’s presence is not actually known and when he has secreted himself under a railcar that is not then in service and at a time when the railroad should not be expected to post sentinels (i.e., when the railcar is located on its own property and not a part of a train which is blocking a public right-of-way) then there is no duty imposed, on Railroad to look under each of its railcars before assembling them into a train. This is true even if Railroad knows that on other occasions people have congregated and consumed alcohol in the vicinity of its tracks.
We have considered the cases cited by plaintiff which found liability based on a tram’s inability to stop after becoming aware that someone was on the tracks. We find these cases inapplicable.
AFFIRMED.
COBB and ANTOON, JJ., concur.