PER CURIAM.
Robert Ponte was injured at age fifteen while hopping aboard one of the appellee’s slow moving trains without permission and attempting to cross from one car to another. We affirm the final summary judgment entered in favor of the appellee on the grounds that the appellee had no duty to warn Ponte, a trespasser or an “uninvited guest licensee”, on its property of the open and obvious dangers of jumping onto its moving trains, see Florida E. Coast Ry. Co. v. Pickard, 573 So.2d 850, 857 (Fla. 1st DCA 1990), and that the record evidence otherwise failed to disclose that the appellee was actively negligent in the operation of its trains at the time of Ponte’s accident so as to render the appel-lee liable, irrespective of Ponte’s status. See Hix v. Billen, 284 So.2d 209, 210 (Fla.1973)(drawing a distinction between active personal negligence on the part of landowner and that negligence which is based upon a negligent condition of the premises); see also Florida E. Coast Ry. Co. v. Southeast Bank, N.A., 585 So.2d 314, 316 (Fla. 4th DCA 1991)(reasoning that plaintiffs status as a trespasser on the train couplings held irrelevant where the allegations and evidence were not that the injury was caused by a condition of the train but solely by its negligent operation); Seaboard Sys. R.R., Inc. v. Mells, 528 So.2d 934, 937 (Fla. 1st DCA 1988)(con-cluding that “when liability is predicated upon the negligence of the landowner to the person injured on his property unrelated to any defective condition of the premises, the status of the person injured is irrelevant and the standard of ordinary negligence set forth in Hix governs the landowner’s liability.”).
Affirmed.