62 So.2d 737 (1953)
MAULE INDUSTRIES, Inc.
v.
MESSANA.
Supreme Court of Florida, Special Division B.
January 13, 1953.
Rehearing Denied February 9, 1953.
*738 Blackwell, Walker & Gray, Miami, for appellant.
Kass & Fuller, Miami, for appellee.
MATHEWS, Justice.
This is an appeal from a final judgment based upon a verdict of a jury awarding damages to the appellee because of the alleged negligent pumping operations of the appellant which resulted in the flooding of lands which the appellant had leased to the appellee causing the destruction of growing crops.
This cause has been before this Court before. See Messana v. Maule Industries, Inc., Fla., 50 So.2d 874. In that case this Court held that the amended complaint was sufficient and reversed the order of the lower court sustaining the motion to dismiss.
It is unnecessary to quote again the amended complaint. After the case was remanded to the lower court, the defendant, appellant here, filed an answer offering defenses of: general issue; that their pumping operation was not the proximate cause but that heavy rainfall was the sole proximate cause; assumption of risk; and, that the person doing the pumping was an independent contractor.
There were some conflicts in the testimony relating to all of the defenses, including that of independent contractor. The defense of independent contractor presents a mixed question of law and fact.
The contract with the so-called independent contractor was verbal. The appellant furnished no machinery and no men to do this work. It is the contention of the appellant that it had no supervision or control over the same. The contract was paid on a "yard" basis for removing muck and the pumping operation was a necessary part of the job of removing muck. The appellant in its brief with reference to the independent contractor says, "So the only question, in this connection, is whether or not the defendant should be held responsible for the negligent acts or omissions of the `admitted' Independent Contractor." We do not find any place in the record that the contractor was admitted to be such an independent contractor that the appellant was not liable for the negligent acts or omissions of the contractor.
The superintendent of the appellant and the man who negotiated the deal with the appellee in renting the land upon which the appellee had his growing crops knew the purpose for which the land was rented. They had knowledge that the lands upon which the appellee had growing crops was being flooded. The superintendent contended that the land was being flooded by rainfall and the appellee contended that it was being flooded by the pumping operations. The superintendent went on the property at the request of the appellee and saw the dangerous condition existing during the progress of the work. The appellee *739 requested the superintendent to have the work stopped but the superintendent refused to do so. The superintendent was asked the question if he had the power to tell the people doing the pumping to stop if he wanted to and he gave the following answer: "I guess we could have told them to stop pumping and told them to get out of there but there was no reason to do it."
Upon further questioning the superintendent (manager) testified that he did not have the pumping stopped because "it didn't enter into their heads or figuring that the pumps had anything to do with it. * * * There had been a certain amount of pretty heavy rains the last part of December, and naturally the water table came up and that is what flooded the land."
The official data from the United States Weather Bureau for the period in question were placed in evidence by the appellee and they show very little rainfall. Other evidence offered by the appellee from residents in the neighborhood showed very little rainfall.
There was positive and direct testimony offered by the appellee that if the pumping and flooding had been stopped, at the time requested by the appellee, his crops could have been saved.
Any conflict in the testimony as to the cause of the destruction of the crops has been settled by the verdict of the jury and there was substantial evidence in the record to support such verdict.
Under the facts and circumstances as shown by the record, the appellant knew the purpose for which the land was to be used. It was put on actual notice of a flooding situation which was dangerous to the crops of the appellee. The testimony is that the appellant was notified prior to the destruction of the crops of this dangerous condition, which was claimed to be caused by the pumping operation, and that if the operation being conducted by the contractor for the appellant was not stopped, the crops would be ruined at a time when the evidence showed the crops could be saved. The appellant refused to take any action. The pumping continued and the crops of the appellee became a total loss.
Under the facts and circumstances as disclosed by this record the appellant cannot escape liability and responsibility by claiming that the work was being done by an independent contractor and that appellant had no control over his activities. See the opinion in the case of Stuyvesant Corporation v. Stahl, Fla., 62 So.2d 18, and the authorities therein cited.
Testimony relating to all of the other defenses and all other questions of fact were fairly submitted to the jury under appropriate instructions of the Court. There was substantial testimony on every question to support the verdict of the jury. This verdict was approved by the trial Judge by the denial of the motion for new trial, and will not be disturbed or tried de novo on appeal.
Affirmed.
HOBSON, C.J., and TERRELL and DREW, JJ., concur.