EMELWON, INC. and Kaiel Thompson McAlister, Appellants,

v.

UNITED STATES of America et al., Appellees.

No. 23045.

United States Court of Appeals Fifth Circuit.

Feb. 20, 1968.

Rehearing Denied April 2, 1968.

**10**

Larry Klein, West Palm Beach, Fla., for appellants.

Louis M. Jepeway, Robert C. Josefsberg, Asst. U. S. Atty., Miami, Fla., for appellees.

1. "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private in-

Before WISDOM, BELL and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge.

Appellants sued the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), claiming damage done to their growing crops by negligent spraying from an airplane of the herbicide 2,4–D to eradicate water hyacinth and other noxious vegetation. At the close of the plaintiff's case the district court directed a verdict for the United States on the ground that the State of Florida, which through its Game and Fresh Water Fish Commission carried out the spraying operations, was neither an agent nor an employee of the United States but was an independent contractor and thus the United States could not be liable under the Tort Claims Act.

We hold that in light of the Florida law it was error to direct a verdict in favor of the United States.

The Tort Claims Act imposes liability on the United States for acts of its employees "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C.A. § 2674,[1] and is to be determined with reference to "the law of the place where the act or omission occurred," 28 U.S.C.A. § 1346(b). See United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962).

It is clear the United States may not be held liable without fault. Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); Strangi v. United States, 211 F.2d 305 (5th Cir. 1954); Hopson v. United States, 136 F.Supp. 804 (W.D.Ark.1956). Nor do the terms of the Act permit the negligence of an independent contractor to be imputed to the United States. See United States v. Page, 350 F.2d 28 (10th Cir.

dividual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

1965). But there is another possibility—despite the existence of an employer-independent contractor relationship Florida law casts directly upon the employer itself (here the United States) legal duties which its employees may have failed to discharge. Florida recognizes such duties under at least two applicable theories.

■ First, Florida follows the rule that where an employer gains knowledge of a dangerous situation created by an independent contractor it may incur liability through its failure to halt the operation or otherwise remove the danger. Maule Industries, Inc. v. Messana, 62 So.2d 737 (Fla.1953); Breeding's Dania Drug Co. v. Runyon, 147 Fla. 123, 2 So.2d 376 (1941); Peairs v. Florida Publishing Co., 132 So.2d 561 (Fla.App. 1961).

■ Second, Florida recognizes the principle that one who employs an independent contractor to engage in certain types of activity has a "nondelegable duty" [2] to see to it that the independent contractor carries out his task in a nonnegligent manner. The employer's liability is not absolute, nor is he held vicariously liable for the negligence of the independent contractor. Rather liability is imposed on the employer for his own failure to exercise reasonable care in a situation in which the work is sufficiently dangerous that the employer himself has a duty to third persons who may sustain injuries from the work unless proper pre-cautions are taken in the performance thereof. The taking of such precautions is a duty which the employer may not delegate to his independent contractor so as to evade liability. Should injury occur under such circumstances of sufficiently great danger the employer is liable for the breach of his own "nondelegable duty" to take precautions against harm to third parties. Florida Power & Light Co. v. Price, 170 So.2d 293 (Fla. 1964), articulates the extent of danger required to bring the non-delegable duty into existence as "inherently or intrinsically dangerous work." While the rule is not limited to landlord cases, see Peairs v. Florida Publishing Co., supra, it is clearly stated by the Florida Supreme Court in a recent landlord case. Mai Kai, Inc. v. Colucci, 205 So.2d 291 (Fla.1967):

> The duty to exercise * * * reasonable case is nondelegable in the sense that a contract for its performance by another will not necessarily eliminate an owner's responsibility. The duty, however, remains one of due care or reasonable care in preventing or correcting an unsafe condition, as opposed to absolute liability for a contractor's negligence.

Counsel have pointed us to no Florida cases holding that aerial spraying of herbicides or insecticides is an activity sufficiently dangerous to warrant application of the Florida nondelegable duty rule. Nor has our own research produced such a Florida case.[3]

---

2. The general rule seems to be that an employer who has a "nondelegable duty" is "liable for the negligence of the contractor, although he has himself done everything that could reasonably be required of him." Prosser, Torts § 70, at 483 (3d ed. 1964), and cases cited there. In Florida, however, the nondelegable duty concept imposes a different burden—the employer is not held absolutely liable but is accountable only for his own negligence.

For instances of situations other than that presented by this case in which Florida has found the employer of an independent contractor to have a nondelegable duty, see National Rating Bureau, Inc. v. Florida Power Corp., 94 So.2d 809, 64 A.L.R.2d 859 (Fla.1957) (act contracted for is tortious); Easton v. Weir, 125 So.2d 115 (Fla.App.1960) (landlord undertaking repairs of building occupied and controlled by tenant).

Here we are concerned only with the Florida rule and express no views as to whether the nondelegable duty rule current in other jurisdictions could be applied against the government in a Tort Claims Act case. Compare Hopson v. United States, 136 F.Supp. 804 (W.D. Ark.1956).

3. Numerous jurisdictions have concluded that aerial spraying of a dangerous chemical which is likely to drift constitutes an inherently dangerous activity for purposes of holding an employer liable for the negligence of an independent contrac-

In the leading case of S. A. Gerrard Co. v. Fricker, 42 Ariz. 503, 27 P.2d 678 (1933), the defendant hired an independent contractor to spray lettuce fields with insecticide from the air. Drifting spray damaged plaintiff's bee colony on nearby property. Plaintiff sued the owner of the lettuce field. The Arizona Supreme Court held:

> The defendant was within its legal rights in depositing the insecticide on its lettuce field for the purpose of ridding it of the worms with which it was infested, and it could do this work itself or it could contract it, but, because of the very great likelihood of the poisonous dust or spray spreading to adjoining or nearby premises and damaging or destroying valuable property thereon, it could not delegate this work to an independent contractor and thus avoid liability.

27 P.2d at 680. We find nothing in the Florida cases to indicate that the courts of that state would adopt a contrary rule.[4]

Respecting the alternative theory of liability—discovery, by the employer of an independent contractor, of a dangerous condition—we find no requirement in the Florida case law that the activity being carried on by the independent contractor must be inherently or intrinsically dangerous. See Maule Industries, Inc. v. Messana, supra; Breeding's Dania

Drug Co. v. Runyon, supra. It is enough that the employer have knowledge that the independent contractor has created a situation which poses the danger of injury to others.

■ Under the Tort Claims Act the government is liable "in the same manner and to the same extent as a private individual under like circumstances * * *." 28 U.S.C.A. § 2674. Under the circumstances of this case Florida law would permit the plaintiff to prove that the private employer of an independent contractor failed to exercise reasonable care in a situation in which (a) the activity contracted for was inherently dangerous, or (b) the employer knew that the contractor had created a dangerous condition. By directing a verdict for the government on the ground that the Florida Game and Fresh Water Fish Commission was an independent contractor the district court failed properly to apply the law of Florida to the Tort Claims Act and to the facts of this case.

Accordingly plaintiff should have been allowed to have the jury decide whether employees of the United States negligently breached the duty imposed on an employer who discovers a dangerous situation created by its independent contractor or the nondelegable duty to exercise reasonable care to prevent harm from an

---

tor. See, e. g., Leonard v. Abbott, 357 S.W.2d 778 (Tex.Civ.App.1962); Loe v. Lenhardt, 227 Or. 242, 362 P.2d 312 (1961); Pendergrass v. Lovelace, 57 N.M. 661, 262 P.2d 231 (1953); Heeb v. Prysock, 219 Ark. 899, 245 S.W.2d 577 (1952); Miles v. A. Arena & Co., 23 Cal. App.2d 680, 73 P.2d 1260 (1937); S. A. Gerrard Co. v. Fricker, 42 Ariz. 503, 27 P.2d 678 (1933). Spraying 2,4-D from the ground has been held sufficiently dangerous to justify imposition of the nondelegable duty rule. Alexander v. Seaboard Air Line Ry. Co., 221 S.C. 477, 71 S.E.2d 299 (1952); Southwestern Bell Tel. Co. v. Smith, 220 Ark. 223, 247 S.W.2d 16 (1952). See generally, Note, Liability for Chemical Damage From Aerial Crop Dusting, 43 Minn.L.Rev. 531 (1959); Note, 6 Stan.L.Rev. 69 (1953). In Godtreaux v. Gary, 232 La. 373, 94 So.

2d 293 (1957), the court relied on the doctrine of strict liability to permit recovery by a farmer whose crops were damaged by the defendant's aerial spraying of 2,4-D. See 32 Tul.L.Rev. 146 (1957).

4. Federal statutes which incorporate state substantive law often present questions similar to those raised in diversity cases where the federal court must seek to ascertain how a state court confronted with the particular issue would rule. All too often there is no direct pronouncement by the state courts on the subject. In such instances we must exercise our best judgment to determine that rule which would be applied by the state courts had they, rather than we, been confronted with the problem. See generally, 1A Moore, Federal Practice ¶ 0.309[2] (2d ed. 1965); Wright, Federal Courts § 58 (1963).

inherently dangerous activity carried out by an independent contractor.[5]

On the record before us it appears that the controlling law is that of Florida. However the parties are not precluded from showing on retrial that the negligent act or omission occurred elsewhere, with the consequences described in Richards v. United States, supra, 369 U.S. at 9–10, 82 S.Ct. 585, 7 L.Ed.2d at 498.

Reversed and remanded.

---

5. Although we have assumed for purposes of this appeal that the Florida Commission was an independent contractor we do not mean to foreclose this issue in the second trial.