Wanda T. Loftis DISCHNER, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

IRBY CONSTRUCTION COMPANY, INC., Third-Party Defendant.

No. CV–84–148–BU–WDM.

United States District Court,
D. Montana,
Butte Division.

Feb. 26, 1987.

Michael J. McKeon, Anaconda, Mont., for plaintiff.

Robert J. Brooks, Asst. U.S. Atty., Butte, Mont., for the U.S.

William Evan Jones of Garlington, Lohn & Robinson, Missoula, Mont., for Irby Const. Co.

## MEMORANDUM AND ORDER

WILLIAM D. MURRAY, Senior District Judge.

### I.

This is a personal injury action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Jurisdiction vests in this court pursuant to 28 U.S.C. § 1346(b).

This case is before the court on motions for summary judgment by defendant United States of America and third-party defendant Irby Construction Company. The parties have submitted briefs and supporting evidentiary material. The court finds, pursuant to Fed.R.Civ.P. 78 and Local Rule 220–4, that oral argument is not necessary.

### II.

At all relevant times, plaintiff Wanda T. Loftis Dischner was employed by Irby Construction. In June 1982, Irby Construction entered into a contract with the Bonneville Power Administration (BPA), an agency of the United States, to construct certain electric transmission lines and towers in Montana. Under the terms of its contract with BPA, Irby Construction hired its own crews, directed the day-to-day performance of such crews, and was responsible for their safety and health. BPA reserved the right of oversight and inspection, employing various construction inspectors to visit the project sites and check compliance of the work with contract specifications. The BPA inspectors had no supervisory authority over employees of Irby Construction. The BPA, however, did reserve the right to change the manner or method of Irby Construction's performance.

On September 3, 1982, Dischner was injured at a project site when a tower leg being put into place slipped and struck her right shoulder. Dischner alleges she sustained arm, shoulder and back injuries as a result of the September 3, 1982 incident.

The complaint alleges that the tower leg slipped because of the negligent operation of a crane by another employee of Irby Construction. The complaint further alleges that the United States owed a duty to Dischner, the employee of an independent contractor, to provide her with a safe work place. The complaint also alleges that the United States owed a duty to Dischner to exercise reasonable care in supervising the performance of Irby Construction, and in particular Irby Construction's crane operators.

Prior to bringing suit against the United States, Dischner filed an administrative tort claim with the Department of Energy, Bonneville Power Administration. The administrative claim was denied on October 31, 1984.

The United States now moves for summary judgment on the grounds (1) that it cannot be held liable for the negligence of its independent contractors and (2) that, as to any negligence on the part of BPA personnel, the court lacks jurisdiction over plaintiff's cause of action under the so-called "discretionary function exception." 28 U.S.C. § 2680(a). Plaintiff contends that the discretionary function exception is inapplicable to the instant case and that the United States owed to her a nondelegable duty to provide a safe workplace.

Irby Construction moves for summary judgment on the third-party complaint brought by the United States. The United States alleges that, should it be found liable to Dischner, it is entitled to indemnification from Irby Construction by virtue of a "hold harmless" clause in the construction contract. Irby Construction contends that Mont. Code Ann. § 39–71–411, the exclusive remedy provision of the Montana Workers' Compensation Act, operates as a bar to common law indemnity or contractual indemnity. The United States argues that the validity of the indemnification agreement between Irby Construction and itself is a matter of federal law and that the Montana workers' compensation statute is inapplicable under the circumstances.

### III.

At the outset, the court notes that the alleged negligence of Irby Construction's crane operator is irrelevant to considera-

tion of plaintiff's action against the government. It is well settled that the United States cannot be held liable for the negligence of its independent contractors. *See United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976).

The standard for ruling on a motion for summary judgment is set forth in Fed.R. Civ.P. 56(c). Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

A party bringing a cause of action against the United States may do so only to the extent the government has waived its sovereign immunity. *Orleans,* 425 U.S. at 814, 96 S.Ct. at 1975. The plaintiff bears the burden of demonstrating the government's unequivocal waiver of immunity. *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied,* 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984).

The Federal Tort Claims Act renders the United States liable for damages:

"for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 1346(b).

The Act, however, does not constitute an absolute waiver of immunity. Several classes of tort claims are excepted from the Act's waiver of immunity. Of particular importance in the instant action is the "discretionary function exception" found in 28 U.S.C. § 2680(a). The Federal Tort Claims Act does not apply to:

"Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, *or based upon the exercise or performance or the failure to exercise or perform a discretionary function* or duty on the part of a federal agency or an employee of the Government, *whether or not the discretion involved be abused.*"

28 U.S.C. § 2680(a) (emphasis added). In *Orleans,* the Supreme Court reaffirmed the principle that the "Federal Tort Claims Act is (only) a limited waiver of immunity," and, as such, "due regard must be given to the Act's exceptions." 425 U.S. at 813–14, 96 S.Ct. at 1975.

When the discretionary function exception is invoked, the basic inquiry is "whether the challenged conduct of a Government employee—regardless of status—is of a nature and quality that Congress intended to shield from tort liability." *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 813, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984).

In the instant case, plaintiff advances two theories of negligence against the United States. First, she claims that the BPA failed to exercise reasonable care in supervising Irby Construction operations. Second, she claims that the BPA owed a duty to her to provide a safe place to work, such duty arising primarily out of a provision in the contract between BPA and Irby Construction that the BPA reserved the right to change Irby's manner or method of work.

With respect to the negligent supervision claim, the court holds that the BPA's reservation of a right to inspect the project does not impose on the United States a duty to inspect or control the operations. *See,* e.g., *Gowdy v. United States,* 412 F.2d 525, 529 (6th Cir.1969). The government was not required to exercise any supervision or control over Irby Construction, but rather reserved the right to do so at its discretion.

Similarly, the BPA's reservation in its contract with Irby of a right to change the independent contractor's method of performance did not create a duty on the part of the BPA to do so. Such reservation merely established the BPA's discretionary authority to act.

The exercise of discretionary acts as described above is precisely the type of conduct Congress intended to shield from tort liability in enacting 28 U.S.C. § 2680(a). The statutory "discretionary function exception" to liability under the Federal Tort Claims Act is jurisdictional. *See Dalehite v. United States,* 346 U.S. 15, 24, 73 S.Ct. 956, 962, 97 L.Ed. 1427 (1953). The exception constitutes a retention of sovereign immunity otherwise waived by the Act. As a matter of law, therefore, the allegations of fact contained in the complaint, taken as true, cannot give the court jurisdiction over the subject matter of this action.

■ In her brief, plaintiff contends that a question of material fact exists as to whether her work erecting transmission lines and towers was "extra-dangerous," thus giving rise to a nondelegable duty on the part of the BPA to furnish a safe place to work. It is settled, however, that no form of strict liability for engaging in ultra-hazardous activity (if, in fact, plaintiff's work can be so characterized) can be imposed on the United States under the limited waiver of immunity in the Federal Tort Claims Act. *Dalehite,* 346 U.S. at 44–45, 73 S.Ct. at 972.

■ Plaintiff's reliance on Montana's "Safe Place to Work" statute, Mont. Code Ann § 50–71–201, and on the Montana Supreme Court's decisions in *Stepanek v. Kober Construction Co.,* 625 P.2d 51 (1981) and *Cain v. Stevenson,* 706 P.2d 128 (1985) is misplaced. In *Stepanek,* for example, the court extended the statutory obligation of an employer to provide its employees with a safe place to work, to the situation where a general contractor controls job safety or has a nondelegable duty of safety arising out of contract. 625 P.2d 51. In the instant case, however, Irby Construction had primary responsibility for workplace safety, not the BPA. Where primary safety responsibility rests with a contractor, the government's reservation of the right to inspect the project for safety creates "the right, but not the duty [of the government] to inspect the work and the contractor's equipment." *Thomas v. Tennessee Valley Authority,* 769 F.2d 367, 373 (6th Cir.1985), *quoting, Grogan v. States,* 341 F.2d 39, 43 (6th Cir.1965). The United States cannot be held vicariously liable for the negligent acts of its independent contractors. Additionally, where the independent contractor assumes primary responsibility for safety in the workplace and the government merely enjoys the discretionary right to inspect, 28 U.S.C. § 2680(a) bars suit against the government based upon the government's exercise or failure to exercise that discretion, even if the government's conduct amounts to negligence.

As a matter of fact and law, therefore, the United States is entitled to summary judgment. For this reason, the government's third-party claim for indemnification against Irby Construction is rendered moot. The court, therefore, need not address Irby Construction's motion for summary judgment.

### IV.

IT IS ORDERED that defendant United States of America's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that third-party defendant Irby Construction Company's motion for summary judgment is DENIED as moot.