**Wanda T. Loftis DISCHNER,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Third–Party–**
**Plaintiff–Appellee,**

v.

**IRBY CONSTRUCTION COMPANY,**
**INC., Third–Party**
**Defendant–Appellee.**

No. 87–3805.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1988.

Decided Jan. 20, 1989.

Michael J. McKeon, Anaconda, Montana, for plaintiff-appellant.

Robert J. Brooks, Asst. U.S. Atty., Butte, Montana, for defendant and third party plaintiff-appellee.

Frank B. Morrison, Helena, Montana, for amicus.

Before BROWNING, NORRIS and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Wanda Dischner, an employee of Irby Construction Company, an independent contractor hired by the Bonneville Power Administration to construct a power transmission line, filed suit under the Federal Tort Claims Act (FTCA) alleging she was injured when a heavy metal leg of a transmission line tower she was attempting to lift fell and struck her. She contended the tower leg should have been moved by a crane. The contract between the BPA and Irby allowed the BPA to inspect the worksite and make changes "in the method of the work." Dischner alleged the BPA safety inspector knew or should have known the tower legs were being moved by hand and should have required Irby to use a crane, and that failure to do so breached BPA's duty under Montana law to provide employees of its contractor a safe place to work.

The district court granted the government's motion for summary judgment on the ground Dischner's claim was excluded from coverage under the FTCA by the "discretionary function" exception, 28 U.S.C. § 2680(a), and the court therefore lacked jurisdiction over the action. *Dischner v. United States*, 654 F.Supp. 631, 634 (D.Mont.1987).

We vacate and remand for reconsideration of the applicability of section 2680(a) in light of the decision filed today in *Camozzi v. Roland/Miller*, 866 F.2d 287 (9th Cir. 1989).

We add a brief comment on a subject not considered in the *Camozzi* opinion. In the present case the district court cited *Gowdy*

*v. United States*, 412 F.2d 525, 529 (6th Cir.1969) for the proposition that the government's reservation of a right to inspect "does not impose on the United States a duty to inspect ... but rather reserved the right to do so at its discretion." *Dischner*, 654 F.Supp. at 633 (citation omitted). The district court concluded the exercise of this discretion was "precisely the type of conduct Congress intended to shield from tort liability" by the discretionary function exception. *Id.* at 634. As we noted in *Camozzi*, the exception does not apply to every exercise of discretion. To fall within the exception, the discretion exercised must involve policy judgment, 866 F.2d at 289. In the words of the Supreme Court, the exception applies only to "administrative decisions grounded in social, economic, and political policy." *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984). Acts and omissions in the performance of safety functions are sometimes of this character, as in *Varig*, and sometimes not. *See e.g., Camozzi, supra; McGarry v. United States*, 549 F.2d 587 (9th Cir.1976).

We do not consider whether plaintiff had a cause of action on the merits under Montana law. Although the district court briefly dealt with some aspects of this question, its consideration of the merits may have been influenced by its decision on the jurisdictional issue which is now to be reconsidered.

VACATED and REMANDED.