Kelly McCALL, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF ENERGY THROUGH BONNEVILLE POWER ADMINISTRATION, Defendant–Third–Party–Plaintiff–Appellee,

v.

IRBY CONSTRUCTION COMPANY, INC., Third–Party–Defendant.

No. 89–35385.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1990.

Decided Sept. 17, 1990.

---

John M. Morrison, Morrison Law Offices, Helena, Mont., for plaintiff-appellant.

Kris A. McLean, Asst. U.S. Atty., Helena, Mont., for defendant-third-party-plaintiff-appellee.

William E. Jones, Garlington Law Firm, Missoula, Mont., for third-party-defendant.

Before SCHROEDER, NORRIS and WIGGINS, Circuit Judges.

SCHROEDER, Circuit Judge:

Appellant Kelly McCall, an employee of an independent contractor, seriously injured himself while working on a construction project for the Bonneville Power Administration, an Agency of the United States of America. McCall brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (1988). The district court granted the United States' motion for summary judgment against McCall. McCall appeals. The key issue before us is whether, under the law of Montana, a project owner or general contractor has a nondelegable duty to maintain a safe workplace for the employees of independent contractors en-

gaged in inherently dangerous activities. We find that Montana recognizes such a duty and accordingly reverse.

## FACTS AND PROCEEDINGS BELOW

The Bonneville Power Administration (United States), hired Irby Construction Company (Irby), to work on the construction of an electric transmission line. Appellant Kelly McCall, an Irby employee, fell 100 feet when his lineman's belt failed while he was performing inherently dangerous work on the construction project. McCall sued the United States under the Federal Tort Claims Act ("FTCA"). McCall claimed that the United States, as project owner, breached its nondelegable duty under Montana law to provide workers engaged in inherently dangerous activities with a safe place to work.

The United States moved for summary judgment against McCall. The district court held that the United States, under Montana law, did not owe McCall, an employee of an independent contractor, a nondelegable duty to provide a safe workplace. The district court granted the United States' motion for summary judgment.

## DISCUSSION

The FTCA holds the United States liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Because McCall's injury occurred in Montana, Montana law applies. *See Gardner v. United States*, 780 F.2d 835, 837 (9th Cir.1986).

Ordinarily, a general contractor or a project owner is not liable for injuries sustained by employees of a subcontractor. *Kemp v. Bechtel Constr. Co.*, 221 Mont. 519, 720 P.2d 270, 274 (1986) (citation omitted). *See generally* Restatement (Second) of Torts § 409 (1965). States have, however, developed exceptions to this general rule, including an exception which imposes liability upon project owners where the employees of subcontractors engage in inher-

ently dangerous work. *See* Restatement (Second) of Torts §§ 409 comment b, 410–429 (1965). Our circuit first dealt with a claim against the United States under the FTCA by an employee of an independent contractor in *Thorne v. United States*, 479 F.2d 804 (9th Cir.1973). We there made it clear that the United States Bureau of Reclamation would be liable for injuries "caused by the negligent or wrongful acts or omissions of an employee of the Bureau" where "the Bureau, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* at 807. We looked to the law of California, and held that under that state's leading case, *Van Arsdale v. Hollinger*, 68 Cal.2d 245, 66 Cal.Rptr. 20, 437 P.2d 508 (1968), California imposed liability on a government project owner

> for its failure to exercise care in a situation in which the work was sufficiently dangerous that it had a duty to others who might sustain injuries from the work unless proper precautions were taken in the performance thereof. . . . Under California law, the Bureau, in this case, was under a duty to exercise reasonable care to see that proper precautions were taken by the contractor.

*Thorne*, 479 F.2d at 808–09. Our decision in *Thorne* indicates that where California law applies, the United States has certain nondelegable duties and obligations in situations where a contractor's employees are engaged in inherently dangerous work. The United States, however, may not be held vicariously liable for the negligent acts of those who are not its employees. *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). Judge Merrill, recognizing a potential problem in the future, concurred specially in *Thorne*, explaining that "the duty here owed by the Bureau . . . was to exercise reasonable care to see that proper precautions were taken by the contractor. It was breach of this duty by employees of the Bureau that results in liability of the United States." 479 F.2d at 810.

When one looks to California law, however, one sees that it rests upon section 416

of the Restatement (Second) of Torts, and expresses the law of nondelegable duty in theoretical terms a bit different from the concept articulated in *Thorne*. Under the California decisions and the Restatement, the project owner is liable not for its own negligent acts, but for the negligent acts of its contractor's employees. *See Van Arsdale*, 437 P.2d at 512–14; *Aceves v. Regal Pale Brewing Co.*, 24 Cal.3d 502, 508–09, 156 Cal.Rptr. 41, 595 P.2d 619, 621–22 (1979); *Jimenez v. Pacific Western Constr. Co., Inc.*, 185 Cal.App.3d 102, 109–111, 229 Cal.Rptr. 575, 578–79 (1986); Restatement (Second) of Torts § 416 introductory note. We squarely addressed this problem in *McGarry v. United States*, 549 F.2d 587, 590 (9th Cir.1976), *cert. denied*, 434 U.S. 922, 98 S.Ct. 398, 54 L.Ed.2d 279 (1977), where a unanimous panel made it clear that the government's liability rested on the negligence of the government's employees, not the contractor's, and expressly rejected the assertion that liability under *Thorne* was imposed vicariously on the government.

At least two other circuits—the Fifth, on which we relied in *Thorne*, and more recently the Third—have followed similar reasoning. *Emelwon, Inc. v. United States*, 391 F.2d 9, 11 (5th Cir.), *cert. denied, Florida v. Emelwon, Inc.*, 393 U.S. 841, 89 S.Ct. 119, 21 L.Ed.2d 111 (1968); *Merklin v. United States*, 788 F.2d 172, 175–77 (3d Cir.1986). The Fifth Circuit in *Emelwon* held that the United States could be liable under the FTCA for breach of a nondelegable duty to see that an independent contractor carries out inherently dangerous activities in a nonnegligent manner. 391 F.2d at 11–15. The court described the liability as flowing from the project owner or general contractor's "own failure to exercise reasonable care," rather than flowing vicariously from the independent contractor's negligence. *Id.* at 11. In *Merklin*, the Third Circuit held that the United States could be liable under the FTCA for a direct breach of its own duty to an independent contractor's employees engaged in inherently dangerous work. 788 F.2d at 176.

In determining whether the United States may be liable under the FTCA for breach of a nondelegable duty of safety, our own decisions consider whether the state has adopted sections 416 and 427 of the Restatement (Second) of Torts.[1] *See, e.g., Gardner*, 780 F.2d at 837; *Rooney v. United States*, 634 F.2d 1238, 1244 (9th Cir.1980). The pivotal issue in this case therefore is whether Montana follows the Restatement provisions which impose upon a project owner a nondelegable duty to ensure a safe place to work where the work to be performed is inherently dangerous. The district court determined that Montana has not done so. It held that the owner or general contractor has a nondelegable duty with respect to safety only when it reserves such a duty in the contract. The district court held that since the contract in this case simply reserves the United States' discretionary right to inspect the work site, there was no nondelegable duty under Montana law. The district court based its holding on *Dischner v. United States*, 654 F.Supp. 631, 633 (D.Mont.1987), where the Montana District Court held that the United States did not bear responsibility to ensure a safe place to work where the contract merely established the United States' discretionary authority to act. This court ultimately vacated that decision in *Dischner v. United States*, 866 F.2d 293 (9th Cir.1989). We

---

1. Section 416 of the Restatement (Second) of Torts provides:

> One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

Section 427 provides:

> One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

there held that petitioner's claim was not necessarily excluded from coverage under the FTCA's "discretionary function" exception. *Id.* at 294. Although we did not directly address the merits of the nondelegable duty issue, we remanded the question for reconsideration in language suggesting a lack of approval of the district court's ruling. *Id.*

The key Montana case on the issue of a project owner's nondelegable duty to provide a safe workplace is *Kemp v. Bechtel Constr. Co.,* 221 Mont. 519, 720 P.2d at 274–75. The district court interpreted that case as not adopting Restatement provisions 416 and 427. We find otherwise. In *Kemp,* the Montana Supreme Court did adopt the principles of the Restatement, holding that a project owner may "owe the employee of a subcontractor a nondelegable duty of safety where the work is 'inherently dangerous.'" *Id.* 720 P.2d at 274 (citing *Ulmen v. Schwieger,* 92 Mont. 331, 12 P.2d 856 (1932)). The *Kemp* court expressly discussed Restatement sections 416 and 427 and based its interpretation of those sections on a decision by the North Dakota Supreme Court, another jurisdiction which has adopted Restatement §§ 416 and 427. *Id.* 720 P.2d at 275. (Relying on *Peterson v. City of Golden Valley, North Dakota,* 308 N.W.2d 550, 552–53 (N.D. 1981)); *see Sievers v. McClure,* 746 P.2d 885, 888 n. 3 (Alaska 1987) (citing Montana as one of the jurisdictions which has adopted section 416). The *Kemp* court ultimately concluded that sections 416 and 427 did not apply to the circumstances before it because the work involved was not inherently dangerous. *Id.* at 275.

■■■ We thus find that Montana, like California and Nevada, imposes a nondelegable duty upon project owners to ensure that contractors performing inherently dangerous work employ proper safety precautions. *See Gardner,* 780 F.2d at 837–38 (finding nondelegable duty under California law); *McGarry,* 549 F.2d at 590–91 (finding nondelegable duty under Nevada law). Because of the limitations of the FTCA, the United States may be found to have breached this duty only when it fails "to exercise reasonable care to see that the contractor abides by [the contractor's] responsibilities" to employ proper safety precautions. *McGarry,* 549 F.2d at 590, quoted in *Gardner,* 780 F.2d at 837–38; *see Borquez v. United States,* 773 F.2d 1050, 1053 (9th Cir.1985); *Thorne,* 479 F.2d at 810 (Merrill, J., concurring). The United States, therefore, bears liability for the negligence of its own employees in ensuring the taking of safety precautions, rather than vicarious liability for the negligence of its independent contractor.

In *Thorne,* 479 F.2d at 807, 809–10, we found the United States liable for injuries sustained by an employee of an independent contractor, where the United States recognized the dangerous character of the work and failed to insist that the contractor take proper safety precautions. We held that the lack of safety precautions caused the injury-producing event and "the failure of the [United States] to insist on the necessary precautions was a cause. It need not be the only cause." *Id.* at 809–10. In *Rooney,* 634 F.2d at 1244–45, we found the United States breached the nondelegable duty it owed to employees of an independent contractor engaged in painting radar domes. The breach occurred when the United States "knowingly permitted the contractor to use such inexperienced, careless crew members without requiring adequate safety precautions." *Id.* at 1244. In *Gardner,* 780 F.2d at 838, we held that the United States would be liable for breach of a nondelegable duty if the evidence supported plaintiff's contentions that the injured employee had worked in unsafe conditions, that the United States had failed to comply with its duty to assure compliance with safety procedures, and that the United States should have been aware that the employee was not complying with safety practices.

■■■ Here, McCall alleged sufficient facts to survive summary judgment. First, he produced evidence that he was injured while performing an inherently dangerous task, namely the suspension of his body from an electrical line tower over 100 feet above the ground. Second, he produced

evidence that the United States knew of the inherent danger of that task because a United States inspector directed McCall to perform the task in the first place, and at the time of the fall, was present on McCall's tower, giving him instructions. Third, McCall produced evidence of the United States' failure to insist on adequate safety precautions. McCall alleged that the United States failed to see that workers performing life-threatening tasks received adequate training as required by the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651 *et seq.* (1988). McCall alleged that he had no lineman experience when asked to perform the lineman's task of climbing extremely high towers. McCall also provided affidavits showing that other employees working on the project had similarly received no formal training. *See Rooney*, 634 F.2d at 1244 (government liable when it knowingly permitted contractor to use inexperienced crew members). McCall further produced evidence of inadequate safety equipment at the job site. Affidavits stated that the belt worn by McCall at the time of the accident violated OSHA regulations. Evidence also indicated that neither Irby nor the United States provided him with a lifeline nor taught him to hang directly from the lanyard, leaving no backup protection in the event of belt failure. Finally, McCall provided evidence that United States officials conducted daily inspections of the construction site. The evidence creates questions for the trier-of-fact as to whether the United States failed to exercise reasonable care to see that proper safety precautions were taken and whether that failure caused, at least in part, McCall's injuries.

■ The United States asserts that even if Montana imposes a nondelegable duty upon project owners, all of McCall's claims against the United States are barred by the discretionary function exception of the Federal Tort Claims Act, 28 U.S.C. § 2680(a).[2] We recently held that "the discretionary

function exception 'protects only governmental action and decisions based on considerations of public policy.' " *Camozzi v. Roland/Miller and Hope Consulting Group*, 866 F.2d 287, 289 (9th Cir.1989) (quoting *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 1959, 100 L.Ed.2d 531 (1988)); *see Arizona Maintenance Co. v. United States*, 864 F.2d 1497, 1504 (9th Cir.1989). *Camozzi* involved negligence by the United States Postal Service in policing its subcontractors' compliance with safety standards during the construction of a postal facility. We found the Postal Service's failure to inspect floors for uncovered and unguarded openings involved no policy choice, and that the FTCA's discretionary function exception was therefore inapplicable. Here, as in *Camozzi*, the alleged negligence involves no policy choice. The discretionary function exception, therefore, does not apply. *See, McGarry*, 549 F.2d at 591 (government responsible for negligence at operational rather than planning level); *McMichael v. United States*, 856 F.2d 1026, 1033 (8th Cir.1988) (discretionary function exception did not apply where government failed to comply with its safety procedures requiring inspection of independent contractor's compliance with safety regulations).

Because Montana has adopted Restatement sections 416 and 427, a private owner or general contractor has a nondelegable duty to ensure a safe workplace for employees of independent contractors engaged in inherently dangerous work. Under the FTCA, the government may not be held vicariously liable for the negligence of independent contractors but may be liable where its own employees have breached the duty through their own negligent conduct. The district court properly denied McCall's motion for partial summary judgment which was based on the theory that the negligence of the independent contractor automatically resulted in liability for the United States. The court erred, how-

2. Section 2680(a) provides in part that the FTCA shall not apply to—(a) Any claim based upon an act or omission of an employee of the Government ... based upon the exercise or performance or the failure to exercise or per-

form a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

ever, when it granted the United States' motion for summary judgment on the theory that the United States owed no duty whatsoever to the plaintiff.

The district court's grant of summary judgment in favor of the Bonneville Power Administration is REVERSED. The case is remanded for further proceedings.